UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALISHA SILVER, Individually and on
Behalf of All Other Persons Similarly Situated,

                    Plaintiff,

           -against-

31 GREAT JONES RESTAURANT, d/b/a FIVE
POINTS RESTAURANT, MARC MEYER,
VICTORIA FREEMAN, and JOHN DOES # 1-10,
Jointly and Severally,

                    Defendants.
------------------------------------------------------------X

11 CV 7442 (KMW) (DCF)

**Opinion and Order**

Kimba M. Wood, U.S. District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF BRONSON LIPSKY LLP AND GOTTLIEB & ASSOCIATES AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE**

Plaintiff Alisha Silver, a former employee of 31 Great Jones Restaurant, doing business as Five Points Restaurant, brought this putative class action on behalf of herself and other similarly situated individuals for unpaid minimum wages, unpaid overtime compensation, and improper deductions from their wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and New York Labor Law (NYLL), N.Y.L.L. §§ 190 *et seq.* Plaintiff claimed that Five Points Restaurant, which is allegedly owned, operated, or controlled by Marc Meyer and Victoria Freeman (collectively, "Defendants"), willfully maintained a policy or practice wherein Defendants failed to pay minimum wages, overtime compensation, and spread-of-hours pay; failed to provide reimbursement for the purchase and cleaning of required

1

uniforms; deducted meal credits from employees' wages for meals they did not eat; and failed to remit tips and gratuities to employees. [Dkt. No. 1].[1]

Defendants answered the Complaint on December 30, 2011 and denied any liability or wrongdoing. [Dkt. No. 8]. The Parties thereafter "engaged in substantial . . . discovery" and "several arm's length settlement negotiations," (Lipsky Cert. ¶¶ 7, 14 [Dkt. No. 35]), and then agreed to refer this matter to Magistrate Judge Debra Freeman for settlement purposes. [Dkt. No. 29]. At a mediation session on July 24, 2012, the Parties agreed on the terms of a settlement, and subsequently entered into a Settlement Agreement dated October 10, 2012.[2]

Before the Court now is the Parties' joint motion [Dkt. No. 33] requesting that the Court:

(I) Preliminarily approve the class-wide settlement under Rule 23(e);
(II) Certify this matter as a class action for settlement purposes under Federal Rule of Civil Procedure 23(b)(3);
(III) Approve the proposed "Notice of Pendency of Class Action, Proposed Settlement Thereof, Settlement Hearing and Right to Participate in the Settlement" and direct its distribution;
(IV) Schedule a fairness hearing; and
(V) Appoint Bronson Lipsky LLP and Gottlieb & Associates as class counsel under Rule 23(g)(1)(A).

For the reasons that follow, the Court grants each of the Parties' requests.

**(I) Preliminary Approval of the Class Settlement**

Based upon the Court's review of the Parties' Memorandum of Law in Support of the Parties' Joint Motion for Preliminary Approval of Settlement, the Certification of Douglas B. Lipsky (Plaintiff's counsel), and other relevant documents, the Court hereby preliminarily

---

[1] The Complaint asserts seven causes of action on behalf of the class: (1) unpaid overtime under the FLSA; (2) failure to pay minimum wage under the FLSA; (3) unpaid overtime under the NYLL; (4) unlawful tip retention under the NYLL; (5) failure to pay the spread of hours under the NYLL; (6) uniform violations under the NYLL; and (7) unlawful meal deductions under the NYLL. The Complaint also alleges that Defendants unlawfully terminated Plaintiff Silver's employment when she complained about Defendants' allegedly unlawful wage practices and thus asserts claims (8) and (9) for unlawful retaliation under the NYLL and the FLSA. [Dkt. No. 1].

[2] The Court adopts and incorporates the definitions set forth in the Settlement Agreement.

approves the Settlement Agreement as being fair, just, reasonable, and in the best interest of Plaintiff and the Settlement Class.

Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a "fairness hearing." The Court first "reviews the proposed terms of settlement and makes a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (Scheindlin, J.) (citing *Manual for Complex Litigation, Fourth* § 21.632 (2004)). A court should grant preliminary approval "'[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *Id.* (quoting *In re Nasdaq Market-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (Sweet, J.)).

The Court finds that the terms of the proposed settlement are the result of substantial investigative efforts, arm's length negotiations, and the assistance of Magistrate Judge Freeman, and that these terms are within the range of possible settlement approval. *See, e.g., In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980). Accordingly, the Court grants preliminary approval of the proposed settlement.

**(II) & (V) <u>Certification of the Proposed Settlement Class & Appointment of Class Counsel</u>**

The Court provisionally certifies the following "Settlement Class" under Federal Rule of Civil Procedure 23(e) for settlement purposes: "All current and former employees of 31 Great Jones Restaurant Corp., d/b/a/ Five Points Restaurant who are or were employed as servers, bussers, runners, bartenders, and barbacks at any time since October 21, 2005 until the entry of judgment in this case . . . ." (Settlement Agreement, § 1.2).

The Court finds that the proposed Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). The proposed class is sufficiently numerous because there are approximately 100 class members, thus making joinder impracticable. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members."). Plaintiff and the class members share common issues of fact and law, such as whether they are employees covered under the FLSA or NYLL; whether Defendants failed to pay overtime wages or otherwise violated labor laws; and whether Defendants' violations were intentional, among others. *See, e.g.*, *Reyes v. Buddha-Bar NYC*, No. 08-CV-02494, 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2009) (Freeman, M.J.) (noting common issues of fact and law arising in employee class action); *Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (Lynch, J.) (same). Plaintiff's claims are typical of those of the Settlement Class and arise from the same factual and legal circumstances. Finally, Plaintiff's interests are not antagonistic to those of the other class members, and Plaintiff's counsel have established a sound record of competent and experienced representation in this field and in this case. *See Damassia*, 250 F.R.D. at 158.

The Court also finds that the proposed Settlement Class meets the requirements for class certification under Rule 23(b)(3), which authorizes class certification where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) is appropriate where "[c]lass adjudication . . . is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to

bring their claims individually." *See O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 CV 759, 2009 WL 6583142, at *2 (S.D.N.Y. Sept. 18, 2009) (Cote, J.).[3]

The Court also appoints Plaintiff's counsel—Bronson Lipsky LLP and Gottlieb & Associates—as class counsel. Rule 23(g) requires judges who appoint class counsel to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class." *Damassia,* 250 F.R.D. at 165 (internal quotation marks omitted). Having considered Plaintiff counsel's investigations in this case, (*see* Lipsky Cert. 7-13), and general experience (*see id.* Exs. A, B), the Court determines that Plaintiff's counsel meets the requirements of Rule 23(g).

**(III) & (IV) <u>Approval of Class Notice & Fairness Hearing Schedule</u>**

Having preliminarily approved the proposed Settlement Agreement, the Court directs notice of the certification of the settlement class and the proposed settlement, and sets a date for a final fairness hearing.

The Court approves, as to form and content, the Proposed Notice of Pendency of Class Action, Proposed Settlement Thereof, Settlement Hearing and Right to Participate in the Settlement, which is attached to the proposed Settlement Agreement as Exhibit C. (*See* Dkt. No. 35, Ex. C). Pursuant to Rule 23(c)(2)(B), notice must provide:

---

[3] Certification of this class is for settlement purposes only and shall not be construed as an admission that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to Defendants' rights to oppose certification of a class in this action or to seek decertification or modification should the proposed Settlement Agreement not become final. If, for whatever reason, the Settlement does not become final, the Parties' stipulation to collective action and class certification as part of the Settlement shall become null and void and shall have no bearing on the issue of certification for non-settlement purposes.

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The Court finds that the Proposed Notice satisfies these requirements by informing class members of the terms of the settlement, informing them of the allocation of fees, and providing specific information regarding the final approval hearing.

The Court determines that the mailing and distribution of the Proposed Notice of Pendency, substantially in the manner and form set forth in the Settlement Agreement, constitutes the best notice practicable under the circumstances, meets the requirements of due process, constitutes valid and sufficient notice to all persons in the Class, and complies fully with the requirements of Rule 23, the FLSA, and other applicable laws.[4]  The Settlement Administrator is hereby authorized to supervise and administer the notice procedure as set forth in the Settlement Agreement.

This Court shall hold a fairness hearing on **March 26, 2013, at 10:00 am**, at the United States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street, Courtroom 18B, New York, NY 10007.  At this hearing, the Court will determine: (1) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate and in the best interest of the Class; (2) whether the Settlement Agreement should be approved by the Court; and (3) whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

Class Members are entitled to contest: (a) the approval of the terms and conditions of the

---

[4] The Parties are directed to complete the Notice of Pendency of Class Action with the appropriate dates before mailing and to file this completed version with the Court.

proposed settlement; (b) the judgment to be entered thereon if the same is approved; and (c) the attorneys' fees and expenses to be awarded to Plaintiff's Class Counsel, only if, within sixty (60) calendar days after the date that Notice is mailed by Class Counsel (the "Objection Deadline"), such Class Member causes any written objections (and copies of any supporting papers) to be physically received no later than 5:00 p.m. EST by Douglas B. Lipsky, Bronson Lipsky LLP, 630 Third Avenue, Fifth Floor, New York, New York 10017, and Michael J. DiMattia and Philip A. Goldstein, McGuireWoods LLP, 1345 Avenue of the Americas, Seventh Floor, New York, NY 10105 (or to be physically received by Class Counsel by a mailing postmarked on or before the Objection Deadline).  The Class Member must also physically file said objections and supporting papers with the Clerk of the United States District Court for the Southern District of New York no later than the Objection Deadline.[5]

Any statement of position or objection shall state the objector's name, address, and Social Security Number and, to the extent known, the individual's dates of employment with Five Points, position(s) held, rates of pay received, and actual hours worked.  The statement of position shall also identify any witnesses, documents, and other evidence to be presented at the Fairness Hearing, as well as the substance of any witness testimony.  Additionally, any member of the Class who has served and filed objections, as set forth in this Order, may appear at the Fairness Hearing and show cause to the Court why the proposed settlement of the claims alleged should or should not be approved; why a judgment should or should not be entered thereon; or why the requested attorneys' fees, costs, and expenses should or should not be awarded.  Any Class member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and, unless otherwise ordered by the Court, shall be,

---

[5] Such filings should be brought to the Cashiers window in Room 120.  Any Class Member choosing to make such a filing should inform the Cashier that the Court has authorized this filing and that the Cashier may contact the Court to confirm this authorization.

foreclosed from making any objection to the fairness or adequacy of the proposed settlement; the award of attorneys' fees, costs and expenses to Class Counsel; and the award of an incentive payment to the named Plaintiff.

All additional papers in support of the settlement shall be filed and served on all named parties by **March 16, 2013.**

The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Class Counsel shall send notice of any such adjournment to any Class Member who has timely filed an Objection to the Settlement, consistent with the terms of the Agreement.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Parties' joint motion [Dkt. No. 33], and hereby (i) preliminarily approves the class-wide settlement; (ii) certifies this matter as a class action for settlement purposes; (iii) approves the proposed "Notice of Pendency of Class Action, Proposed Settlement Thereof, Settlement Hearing and Right to Participate in the Settlement" and directs its distribution; (iv) schedules the Fairness Hearing for March 26, 2013, at 10:00 am; and (v) appoints Bronson Lipsky LLP and Gottlieb & Associates as class counsel.

SO ORDERED.

DATED:   New York, New York
         January 3, 2013

_____
KIMBA M. WOOD
United States District Judge